UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANHEIM AUTOMOTIVE FINANCIAL
SERVICES, INC.,

    Plaintiff,

v.                                  Case No.: 8:12-cv-528-T-24MAP

JOEY D'S AUTO OUTLET, INC.,
ANDREW A. MARR, and
ANDREW MARR LLC,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on two motions: Plaintiff's Renewed Motion for Extension of the Temporary Restraining Order (Doc. No. 17) and Plaintiff's Motion to Allow Service by Publication (Doc. No. 18). As explained below, both motions are denied.

**I. Background**

Plaintiff filed a three-count complaint against Defendants, in which Plaintiff alleges the following (Doc. No. 1): Plaintiff alleges that it lent $325,000 to Defendant Joey D's Auto Outlet, Inc. ("Joey D's") so that Joey D's could purchase vehicle inventory. In exchange for the loan, Joey D's gave Plaintiff a promissory note and a security interest in the vehicle inventory. Additionally, Defendants Andrew Marr and Andrew Marr LLC (collectively referred to as "Marr") guaranteed the loan.

Plaintiff contends that Joey D's has defaulted on the promissory note and has been selling off the vehicle inventory without forwarding payment to Plaintiff. Accordingly, Plaintiff asserts a breach of contract claim against Joey D's, in which Plaintiff seeks damages. Additionally,

Plaintiff asserts a breach of guaranty claim against Marr, in which Plaintiff seeks damages. Finally, Plaintiff asserts a claim for injunctive relief against all three defendants, in which Plaintiff asks the Court to enjoin Defendants from transferring any of the vehicle inventory that serves as collateral for the loan.

In connection with the complaint, Plaintiff filed a motion for temporary restraining order ("TRO") to enjoin Defendants from transferring any of the vehicle inventory that serves as collateral for the loan. The Court granted the motion and issued the TRO on March 14, 2012. Plaintiff was unable to serve Defendants, so the Court extended the TRO twice, with it now expiring on April 25, 2012 at 5:00 p.m.

## II. Instant Motions

In the instant motions, Plaintiff asks the Court to extend the TRO again and to grant Plaintiff leave to serve Defendants with the TRO and notice of hearing via publication. As a basis for these motions, Plaintiff contends that Defendants have been evading service. Specifically, Plaintiff attempted to serve Joey D's and Andrew Marr LLC through their registered agent, but their registered agent was not at the listed addresses. Additionally, Plaintiff attempted to serve Joey D's and Andrew Marr LCC at their principal places of business, but both buildings were vacant. Finally, Plaintiff contends that it is unable to locate and serve Andrew Marr.

The Court, however, is not inclined to extend the TRO yet again. Plaintiff should find and serve Defendants, and then Plaintiff may come back to the Court to obtain injunctive relief.

The Court notes that Plaintiff sought to serve Defendants with the TRO and notice of hearing via publication; Plaintiff did not seek leave to serve the complaint via publication.

2

Given that the Court has denied the request to extend the TRO, Plaintiff's request to serve Defendants with the TRO and notice of hearing via publication is moot.[1]

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Renewed Motion for Extension of the Temporary Restraining Order (Doc. No. 17) is **DENIED**.

(2) Plaintiff's Motion to Allow Service by Publication (Doc. No. 18) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of April, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

Joey D's Auto Outlet, Inc., c/o Andrew Marr–Registered Agent, 2983 Covewood Place, Clearwater, Florida 33761

Andrew A. Marr, 8620 Sweet Magnolia Place, Seminole, Florida 33777

Andrew Marr, LLC, c/o Andrew Marr–Registered Agent, 8620 Sweet Magnolia Place, Seminole, Florida 33777

---

[1] Furthermore, Plaintiff cannot pursue its breach of contract and breach of guaranty claims by serving Defendants via publication, because such substitute service is not available for those types of claims. See Drury v. National Auto Lenders, Inc., 2012 WL 832813, at *1 (Fla. 3d DCA Mar. 14, 2012)(stating that service via publication pursuant to Florida Statute § 49.011 does not apply to breach of contract actions or actions on a personal guaranty).

3